IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GERALD CARROLL, KENNETH CROSSWHITE, ROY FOSTER, CHARLES HOTTINGER, LAWRENCE SHELDRAKE, RICHARD SHELTRA, KEVIN STUART, CHRISTOPHER TURNER, ROBERT WELCH, WILLIAM WHETZEL, AND TERRY WILLIAMS | ) ) ) ) ) ) ) | No.: 2:15-cv-0562 |
| Plaintiffs, | ) ) ) | |
| vs. | ) ) | |
| E-ONE, INCORPORATED, PIERCE MANUFACTURING, INC, SEAGRAVE FIRE APPARATUS, LLC, AND FEDERAL SIGNAL CORPORATION | ) ) ) ) ) | |
| Defendants. | ) ) | |

**DEFENDANT FEDERAL SIGNAL CORPORATION'S MEMORANDUM
IN SUPPORT OF MOTION FOR COSTS AND FEES**

## I.   INTRODUCTION

Plaintiffs' counsel did not investigate the hearing loss claims of these Plaintiffs before filing suit. As a result, they brought claims that were time barred because of the Plaintiffs' extensive hearing loss histories and, in the case of Plaintiff Christopher Turner, contradicted Plaintiffs own medical expert's opinions about whether an individual exhibits medical findings consistent with noise induced hearing loss. When Federal Signal pointed out these glaring errors and demanded dismissal with prejudice and payment of prevailing party costs and fees for attorney time needlessly incurred defending Turner's case, Plaintiffs filed a Rule 41(a)(1) notice of voluntary dismissal without prejudice and without leave of court. Because Plaintiffs' chosen procedure was improper, Federal Signal moves this Court to dismiss the matter pursuant to Rule 41(a)(2) and award Federal Signal its costs and fees as outlined below.

## II.   FACTUAL BACKGROUND

Plaintiffs are current and former firefighters from the District of Columbia Fire Department ("DCFD") who claim that exposure to Federal Signal's emergency sirens during their careers caused them noise-induced hearing loss. Docket Entry # 1, Ex. B at ¶¶ 30-31. Plaintiffs did not independently seek out this litigation. Rather, on November 28, 2011, the law firm of Cappelli Mustin, LLC (now merged with Bern Ripka LLP), sponsored audiological screenings at the Local 36 Union Hall in Washington, D.C. *See* **Exhibit A**, Cappelli Mustin Notice. Plaintiffs' counsel then filed claims for eleven individuals who exhibited hearing loss. Docket Entry # 1, Ex. B at ¶¶ 1-11. There is no indication that Plaintiffs' counsel performed any other investigation. If they had, counsel would have realized (1) that Plaintiffs' claims were time barred and (2) that Plaintiff Christopher Turner did not suffer from noise-induced hearing loss.

After propounding discovery, issuing over 80 third-party subpoenas, and deposing each of the Plaintiffs and certain third-parties, Federal Signal discovered the following facts: Plaintiffs began working for the DCFD as early as 1973, and the most recent hire among Plaintiffs started in 1997. *See* **Exhibit B**, Plaintiff Fact Sheets.[1] Thus, at the inception of this case, all Plaintiffs already had at least eighteen years to investigate whether their hearing loss claims were connected to siren exposure. More importantly, Plaintiffs participated in a hearing conservation program through the DCFD, and for years (often decades) before they attended the audiological screening organized and paid for by Plaintiffs' counsel, they were repeatedly informed by physicians and physician's assistants that they suffered from hearing loss and that they needed to wear hearing protection on the job. *See* **Exhibit C**, Sampling of PFC Records.[2] Many of the

---

[1] Plaintiff Charles Hottinger dismissed his claims before submitting a Plaintiff Fact Sheet; thus Federal Signal was unable to determine his exact start date.

[2] Counsel for Plaintiffs has stipulated that the PFC documents are authenticated business records. *See* **Exhibit D**, PFC Transcript at 11:21-14:6.

2

Plaintiffs even saw medical specialists to diagnose and treat their hearing problems. *Id.* Finally, all Plaintiffs but one admitted they were well aware of their alleged hearing loss more than two years before they filed suit, and that they had long suspected their hearing loss was related to exposure to emergency sirens. *See* **Exhibit E**, Excerpts of Plaintiff Transcripts.

Additionally, Plaintiff Turner's audiograms, which are the hearing tests that Plaintiffs' counsel and their medical experts use to diagnose occupational noise induced hearing loss, show no evidence of noise-induced hearing loss at all. *See* **Exhibit F**, Turner Audiograms; **Exhibit G**, Report of Thomas O. Willcox, Jr., M.D. Prior to taking Mr. Turner's deposition, and incurring the associated expense, Federal Signal asked that Turner be dismissed, and informed counsel that Federal Signal would seek the costs and fees associated with the deposition if it was forced to go forward. *See* **Exhibit H**, Excerpt from Turner Transcript at 5:17-6:21. Plaintiff's counsel did not dispute Federal Signal's assessment of Turner's audiograms, but refused to dismiss Turner and forced Federal Signal to incur deposition costs and fees for a Plaintiff who had no viable claim and who Plaintiffs would have invariably dismissed. *Id.*

After discovering the extent to which Plaintiffs' claims were time barred, through records procured by Federal Signal at its cost and through Plaintiff depositions, and after incurring costs and fees taking the deposition of a Plaintiff whose claims were demonstrably baseless, Federal Signal demanded that the cases be dismissed with prejudice and that Plaintiffs' pay Federal Signal's Rule 54(d) prevailing party costs and the fees incurred in taking Mr. Turner's deposition. *See* **Exhibit I**, Sanctions Letter (exhibits omitted); **Exhibit J**, Proposed Dismissal Terms Letter. Plaintiffs' counsel agreed to a dismissal with prejudice, but they refused to pay any costs or fees. When Federal Signal rejected the dismissal without costs, Plaintiffs instead improperly filed a Rule 41(a)(1) notice of voluntary dismissal without leave of court. Docket

Entry # 67. Federal Signal does not object to the dismissal without prejudice if that is the route

Plaintiffs choose, but under those circumstances, Federal Signal is entitled to its cost and fees,

include attorneys' fees.

## III.   ARGUMENT

The Federal Rules obligate parties to conduct a good faith investigation into the law and

facts *before* filing suit. *See, e.g.*, Fed. R. Civ. P. 11. Plaintiffs' counsel failed to comply with this

mandate and instead filed time barred claims that lacked actionable damages, thereby Federal

Signal's resources and this Court's time.

After Federal Signal informed Plaintiffs' counsel of the problems with their claims and

demanded its costs, Plaintiffs improperly filed a Federal Rule of Civil Procedure 41(a)(1) notice

of dismissal, presumably in an attempt to avoid an argument over costs and fees. Because

Plaintiffs did not qualify for a 41(a)(1) notice of voluntary dismissal, the Court should review

Plaintiffs request as a voluntary dismissal under Rule 41(a)(2). The Court has broad discretion

under Rule 41(a)(2) to impose terms and conditions upon the dismissal of the complaint,

including the award of costs and fees. Under the circumstances of this case, the Court should

award Federal Signal its costs and fees.

### A. Plaintiffs' notice of dismissal under Federal Rule of Civil Procedure 41(a)(1) was improper.

Voluntary dismissal is governed by Rule 41(a)(1). A plaintiff who has brought an action

in federal court may dismiss the action without order of court by filing either "(i) a notice of

dismissal before the opposing party serves either an answer or a motion for summary judgment;

or (ii) a stipulation of dismissal signed by all parties who have appeared." Fed. R. Civ. P.

41(a)(1)(A). *See also Manze v. State Farm Ins. Co.*, 817 F.2d 1062, 1065 (3d Cir. 1987) (Rule

4

41(a)(1) "allows a plaintiff who complies with its terms to dismiss an action voluntarily and without court intervention.").

Plaintiffs have not met either condition. On May 31, 2016 Plaintiffs filed a notice of voluntary dismissal "without prejudice as to all parties in this action." *See* Notice of Dismissal, May 31, 2016, ECF No. 67. However, all Defendants in this case filed answers to the Complaint prior to Plaintiffs' notice. Most Defendants, including Federal Signal, filed their answer over a year prior to Plaintiffs' attempted notice of voluntary dismissal. *See* E-One's Answer, April 2, 2015, ECF No. 40; Pierce Manufacturing's Answer, April 13, 2015, ECF No. 43; Federal Signal's Answer, April 23, 2015, ECF No. 44; Seagrave Fire Apparatus, LLC's Answer, July 13, 2015, ECF No. 52. Similarly, the parties did not agree to a stipulation of dismissal in this case. Therefore, Plaintiffs are barred from dismissing the action voluntarily and without court intervention.

### B. Plaintiffs Notice should be treated as a request to voluntarily dismiss under Rule 41(a)(2).

Plaintiffs notice of dismissal properly falls under Rule 41(a)(2). The Court may convert an improper voluntary notice of dismissal into a request for voluntary dismissal by court order. *See Integrated Service Solutions, Inc. v. Rodman*, Civil Action No. 07-3591, 2009 WL 1152162 (E.D. Pa. Apr. 29, 2009) (converting 41(a)(1) notice of dismissal to a Rule 41(a)(2) dismissal where defendant had answered and did not consent to a stipulation of dismissal); *Quincy V, LLC v. Herman*, 652 F.3d 116 (1st Cir. 2011) (dismissal fell under Rule 41(a)(2) because there was no stipulation to dismissal from defendants); *Correspondent Servs. Corp. v. J.V.W. Investments Ltd.*, 205 F. Supp. 2d 191 (D.C.N.Y.2002) (notice of voluntary dismissal, combined with letters submitted to court setting forth basis for requested dismissal, was sufficient to convert notice into Rule 41(a)(2) dismissal request); *Stewart v. Southeast Kansas R.R. Co.*, 24 F. Supp. 2d 1142

5

(D.C. Kan. 1998) (court treated plaintiff's filing of voluntary dismissal after defendant filed partial summary judgment motion as request for dismissal); § 2364 Voluntary Dismissal—Dismissal in the Discretion of the Court, 9 Fed. Prac. & Proc. Civ. § 2364 (3d ed.).

### C. Under Rule 41(a)(2), Federal Signal is entitled to its costs and fees.

Federal Rule of Civil Procedure 41(a)(2) provides that "[e]xcept as provided in Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, *on terms that the court considers proper*." (emphasis added). This Court has broad discretion in fashioning the appropriate relief under Rule 41(a)(2). *See Ferguson v. Eakle*, 492 F.2d 26, 28 (3d Cir. 1974); *Pirito v. Penn Eng'g World Holdings*, 947 F. Supp. 2d 489, 508 (E.D. Pa. 2013) (holding that rulings under FRCP 41(a)(2) are "within the sound discretion of the trial court ..."). Appropriate relief includes reimbursement of not only court costs but also potentially costs and attorney's fees. *Meltzer v. National Airlines, Inc.*, 31 F.R.D. 47, 50 (E.D. Pa. 1962). While reimbursing costs and attorney's fees "is not a prerequisite for granting a dismissal pursuant to Rule 41(a)(2)," this Court has noted that it is "very common" and "often necessary for the protection of the defendant...." *Young*, 2005 WL 2886218, at *7 (internal citations omitted). "The purpose of the 'terms and conditions' clause [of Rule 41(a)(2)] is to protect a defendant from any prejudice or inconvenience that may result from a plaintiff's voluntary dismissal." *Id.* The circumstances surrounding the instant action warrant not only the assessment of court costs and but also attorneys' fees against Plaintiffs.

Plaintiffs' counsel instituted this suit without any apparent investigation into whether Plaintiffs' claims were viable. Had they discussed this case with their clients, they would have realized that Plaintiffs were all well aware that they suffered from hearing loss more than two years before they filed suit, *see* Ex. E, that they had multiple audiograms performed by the

DCFD's medical clinic documenting their hearing progression throughout their careers, *see* Ex. C, that they suspected their hearing loss was connected to exposure to sirens, *see* Ex. E, and that doctors had been informing them for years of their hearing loss and the need to wear hearing protection, *see* Ex. C. Instead, Plaintiffs' counsel filed suit blindly and forced Federal Signal to conduct extensive discovery simply to prove that the claims were time barred. Additionally, Plaintiffs' counsel forced Federal Signal to depose Christopher Turner even though he did not suffer from noise-induced hearing loss. *See* Ex.'s F, G, H. Finally, Federal Signal was willing to agree to the dismissal with prejudice provided that Plaintiffs paid Federal Signal its Rule 54(d) prevailing party costs and the costs associated with Mr. Turner's depositions. *See* Ex. J. Plaintiffs rejected this offer and chose to voluntarily dismiss the case without Federal Signal's consent in violation of Rule 41, so they cannot now complain that they are obligated to pay Federal Signal's costs and fees under Rule 41.

Costs and fees are particularly appropriate in light of Plaintiffs' counsel habit of bringing claims without investigating the underlying merits. *See, e.g. Hassan,* 2006 WL 2251703, at *5 (citing *Steinert,* 440 F.3d at 1222) (noting "exceptional circumstances" exist "when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system.") (quotations and citation omitted). For instance, in a related matter in Erie County, Pennsylvania, Plaintiffs' counsel filed suit on behalf of 61 firefighters. *See* **Exhibit K,** *Allen, et al. v. Federal Signal, et al.,* Erie County Case No. 10141-2104. Federal Signal immediately moved to dismiss 19 of the firefighters on the basis that the audiograms attached to the complaint demonstrated that the firefighters had completely normal hearing. *See* **Exhibit L,** Motion to Dismiss Amended Complaint. Plaintiffs' counsel did not even contest the motion, and instead filed an amended

complaint omitting those 19 firefighters. *See* **Exhibit M**, *Allen* Second Amended Complaint. Similarly, in a case pending in Allegheny County, Pennsylvania, Plaintiffs' counsel refused to dismiss a firefighter until the dispositive motion phase, even though their own expert opined that the firefighter did not suffer from noise-induced hearing loss. *See* **Exhibit N**, Wilson Medical Report; **Exhibit O**, Plaintiffs MSJ Response Brief at FN 1 (exhibits omitted). In fact, of the 37 firefighters that the parties have jointly selected for trials in the Allegheny County case, so far 7 have been voluntarily dismissed after the cases were fully worked up, and additional dismissals are likely. *See* **Group Exhibit P**, Dismissals.[3] And in a case in the Northern District of New York, Plaintiffs' counsel filed suit on behalf of a sole firefighter who had retired from the fire department over 30 years beforehand. *See* **Exhibit Q**, O'Steen Fact Sheet. The claim was so stale that few relevant records still existed, and Federal Signal pointed out that Plaintiffs' counsel could either establish damages and causation *or* avoid a statute of limitations motion, but not both. Plaintiffs' counsel are in the process of dismissing that case now. *See* **Exhibit R**, Partially Executed Stipulation of Dismissal.

These are just a few examples of the litigation style of Plaintiffs' counsel: they obtain audiological screenings for firefighters and then file suit without even assessing the resultant audiograms and without determining whether the statute of limitations has already run on the firefighters' claims. As a result, Federal Signal is forced to engage in extensive discovery to disprove or defeat claims that any pre-suit investigation could have determined from the outset.

Because this case is merely one example of Plaintiffs' counsel's habit of routinely pursuing demonstrably baseless claims, and because Plaintiffs' counsel opted for a dismissal

---

[3] Exhibit P pertains to six dismissed Plaintiffs. Plaintiff Christopher Wilson discussed above is the seventh, although no formal praecipe to dismiss was filed.

without prejudice in lieu of an agreed upon dismissal with prejudice and prevailing party costs, this Court should award Federal Signal its costs and attorneys' fees pursuant to Rule 41(a)(2).[4]

## IV.   CONCLUSION

For these reasons, Defendant Federal Signal respectfully requests that this Court:

(a) Award Federal Signal the following costs and fees incurred in defending this lawsuit: attorneys' fees, filing fees, document reproduction costs and vendor fees, deposition costs and fees, and expert witness fees;

(b) And grant such other relief as this Court deems just.

Respectfully submitted,

By: /s/   J. David Duffy
J. David Duffy (*pro hac vice*)
Thompson Coburn LLP
55 East Monroe Street, 37th Floor
Chicago, Illinois 60603
312-346-7500
*Attorney for Federal Signal Corporation*

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been served via the Court's electronic filing system on this 30th day of June, 2016 on all counsel of record.

---

[4] Federal Signal is in the process of obtaining all remaining vendor invoices for this matter so that it might finalize its supporting affidavit for costs and fees. Federal Signal will supplement this motion upon receipt of all invoices.