```
             IN THE UNITED STATES DISTRICT COURT
           FOR THE EASTERN DISTRICT OF PENNSYLVANIA


GERALD CARROLL,                        :
KENNETH CROSSWHITE, ROY FOSTER,        :
CHARLES HOTTINGER, LAWRENCE            : CIVIL ACTION
SHELDRAKE, RICHARD SHELTRA,            :
KEVIN STUART, CHRISTOPHER TURNER,      :
ROBERT WELCH, WILLIAM WHETZEL and      : NO. 15-CV-0562
TERRY WILLIAMS                         :
                                       :
            Plaintiffs                 :
                                       :
        vs.                            :
                                       :
E-ONE, INCORPORATED, PIERCE            :
MANUFACTURING, INC., SEAGRAVE FIRE     :
APPARATUS, LLC, and FEDERAL SIGNAL     :
CORPORATION                            :
                                       :
            Defendants                 :
```

**MEMORANDUM AND ORDER**

**JOYNER, J.**                                    **September 6, 2016**

This civil action has been brought before this Court on Motion of Defendant Federal Signal Corporation for Costs and Fees (Doc. No. 68). For the reasons which follow, the Motion shall be stayed until such time as an evidentiary hearing may be concluded.

**Factual Background**

This case, which was originally filed in the Court of Common Pleas of Philadelphia County on January 26, 2015, was commenced by a number of current and former firefighters in the District of Columbia Fire Department to recover (under theories sounding in

negligence and strict liability) for what they alleged was noise-induced hearing loss caused by the Defendant's emergency sirens.[1] Defendants removed this matter to this Court on February 5, 2015 and after denial of motions to remand and to dismiss, the parties proceeded to take discovery beginning in or around May, 2015. On October 21, 2015, Plaintiff Charles Hottinger voluntarily dismissed his claims against all of the defendants.  Thereafter, on or about March 2, 2016, Plaintiffs voluntarily dismissed their claims against all of the defendants except for Federal Signal Corporation.  Next, on March 28, 2016, the claims of Plaintiffs Kenneth Crosswhite and Lawrence Sheldrake were voluntarily dismissed against what was then the remaining defendant - Federal Signal.  Finally, on May 31, 2016, Plaintiffs filed a Notice of Voluntary Dismissal by all Plaintiffs as to all Parties which purported to mark the claims as "being dismissed without prejudice as to all parties in this action."

One month later, Defendant Federal Signal filed the instant Motion for Costs and Fees challenging the plaintiffs' filing of their Notice of Voluntary Dismissal without prejudice and seeking to recover the attorneys' fees and other attendant costs that it has incurred in defending this lawsuit.  Plaintiffs oppose the

---

[1] In addition to Federal Signal Corporation, Plaintiffs also asserted negligence and strict liability claims against E-One, Inc., Pierce Manufacturing, Inc, and Seagrave Fire Apparatus, LLC, the manufacturers of various fire trucks and apparatus and other emergency vehicles which were alleged to have incorporated Federal Signal's sirens into its products.

2

Defendant's request for fees and costs but are agreeable to dismissing this matter with prejudice.

## Discussion

Voluntary dismissal of actions is governed by Fed. R. Civ. P. 41(a). Subsection (1) of that Rule reads as follows:

> **(1)** *By the Plaintiff.*
>
> **(A)** *Without a Court Order.* Subject to Rules 23(e), 23.1(c), 23.2, and 66 and any applicable federal statute, the plaintiff may dismiss an action without a court order by filing:
>
> **(i)** a notice of dismissal before the opposing party serves either an answer or a motion for summary judgment; or
>
> **(ii)** a stipulation of dismissal signed by all parties who have appeared.
>
> **(B)** *Effect.* Unless the notice or stipulation states otherwise, the dismissal is without prejudice. But if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits.

Thus, Rule 41(a)(1) makes clear that a plaintiff is permitted to voluntarily dismiss without a court order **only** where all of those parties who have appeared in the action have signed a stipulation to dismiss or before an opposing party has served either an answer or a motion for summary judgment. See generally, In re Bath & Kitchen Fixtures Antitrust Litigation, 535 F.3d 161, 165 (3d Cir. 2008)("The Rule [41(a)(1)(A)(i)] 'affixes a bright-line test to limit the right of dismissal to the early stages of

litigation...If the defendant has served either an answer or a summary judgment motion, it has [reached the point of no return]; if the defendant has served neither, it has not.'").  Given that answers were filed by the defendants in this case and further, that discovery had closed, Plaintiffs no longer had the option to voluntarily dismiss by filing a notice to that effect; they were required to obtain a court order or get all of the defendants to stipulate to dismissal. See also, Transystems Corporation v. Hughes Associates, Inc., Civ. A. No. 1:14-CV-1541, 2016 U.S. Dist. LEXIS 85548 at *10 (M.D. Pa. June 30, 2016)(stating that "when litigation has proceeded as far as this lawsuit, the plaintiff does not have an untrammeled right to abandon the lawsuit.  Instead, at this juncture: 'an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.'")  Consequently, Plaintiffs here clearly erred in unilaterally filing a notice addressed to the Clerk of Court asking that their claims be marked as being dismissed without prejudice as to all of the parties in this action.

Instead, the proper procedure for voluntarily dismissal here is that outlined in Rule 41(a)(2):

> **(2) *By Court Order; Effect.*** Except as provided in Rule 41 (a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper.  If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.  Unless the order states otherwise, a

4

dismissal under this paragraph (2) is without prejudice.

A motion for voluntary dismissal under Fed. R. Civ. P. 41(a)(2) lies within the sound discretion of the district court. Citizens Savings Association v. Franciscus, 120 F.R.D. 22, 24 (M.D. Pa. 1988)(citing Ferguson v. Eakle, 492 F.2d 26, 28 (3d Cir. 1974)).  The purpose of the grant of discretion under Rule 41(a)(2) is primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions to avoid such prejudice.  Maxim Crane Works, LP v. Smith Transportation Services, Civ. A. No. 15-597, 2016 U.S. Dist. LEXIS 95598 at *7 (W.D. Pa. July 22, 2016); Transystems, supra,(citing Charles A. Wright & Arthur R. Miller, 9 *Federal Practice & Procedure Civil 2d* §2364, n. 19); Shulley v. Mileur, 115 F.R.D. 50, 51 (M.D. Pa. 1987).  Thus, inasmuch as the Rule provides that the dismissal be "on terms that the court considers proper," the Court must exercise, not abdicate, its discretion.  Integrated Service Solutions, Inc. v. Rodman, Civ. A. No. 07-3591, 2009 U.S. Dist. LEXIS 36182 at *35 (E.D. Pa. April 29, 2009).  "That said, 'Rule 41 motions should be allowed unless the defendant will suffer some prejudice other than the mere prospect of a second lawsuit.'" Hayden v. Westfield Insurance Co., No. 13-4523, 586 Fed. Appx. 835, 842 (3d Cir. Sept. 18, 2014)(quoting In re Paoli R.R. Yard P.C.B. Litigation, 916 F.2d 829, 863 (3d Cir. 1990)).

In so exercising this discretion, it therefore first "becomes necessary to decide the presence or extent of any prejudice to the defendant." Ferguson v. Eakle, 492 F.2d 26, 29 (3d Cir. 1974). In determining the extent of potential prejudice and deciding whether a dismissal under Rule 41(a)(2) should be with prejudice, it is proper to consider: (1) whether the expense of a second litigation would be excessive and duplicative; (2) how much effort and expense has been expended by the defendant in preparing for trial of the current matter; (3) the extent to which the current suit has progressed; (4) the plaintiff's diligence in filing the motion to dismiss; and (5) whether the attempt at dismissal is designed to evade federal jurisdiction and/or frustrate the purpose of the removal statutes. Pinkston v. Pierce, Civ. A. No. 15-269-GMS, 2016 U.S. Dist. LEXIS 113212 at *2 (D. Del. Aug. 24, 2016); Maxim Crane, supra, at *7-*8; J.K. v. CSX Transportation, Civ. A. No. 14-729, 2015 U.S. Dist. LEXIS 83788 at *8 (E.D. Pa. June 29, 2015)(citing Peltz v. Sears, Roebuck & Co., 367 F. Supp. 2d 711, 715 (2005)). Where, however, dismissal is made with prejudice, courts typically attach no conditions to the dismissal, including an award of attorneys' fees and costs, unless there are exceptional circumstances such as where Plaintiffs' counsel has abused the judicial process and acted in bad faith. Maxim Crane, at *8(citing Colombrito v. The Holy Spirit Ass'n., 764 F.2d 122, 133-35 (2d Cir. 1985);

Arlington Indus. v. Bridgeport Fittings, Inc., No. 06-cv-1105, 2015 U.S. Dist. LEXIS 41626 (M.D. Pa. March 31, 2015); John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 191 (E.D. Pa. 1982); Selas Corp. Of Am. V. Wilshire Oil Comp. Of Tex., 57 F.R.D. 3, 7 (E.D. Pa. 1972)); In re Asbestos Products Liability Litigation (No. IV), MDL No. 875, 2010 U.S. Dist. LEXIS 48156 at *34 (E.D. Pa. May 14, 2010).

    In application of the preceding legal principles to the facts of this case, we note that this action was filed more than a year-and-a-half ago and that while discovery closed in June, 2016 and the deadline for filing motions for summary judgment passed on July 8, 2016, no motions were filed, presumably because the within notice of voluntary dismissal was filed on May 31, 2016.  While these facts certainly militate in favor of granting a Rule 41(a)(2) dismissal, it does not end the matter.

    Indeed, Defendant asserts that Plaintiffs' counsel has a "habit of routinely filing baseless claims and often times dismissing those claims only after Federal Signal is forced to fully work them up." (Defendant's Reply Memorandum of Law in Support of Motion for Costs and Fees) Defendant further avers that had Plaintiffs' counsel undertaken any investigation prior to filing this suit, it would have learned that most of the plaintiffs' claims were long ago time-barred and that one of the plaintiffs did not suffer from noise-induced hearing loss at all.

Defendant has produced evidence which supports these assertions to which Plaintiffs' counsel's response is essentially that they do not oppose a dismissal of this matter with prejudice.  While we agree that dismissal of this matter should be with prejudice, we believe that Defendant has put forth sufficient evidence to warrant further consideration of its argument.  That having been said, however, we cannot grant Defendant relief on the basis of the record now before us.  For this reason, we shall direct the parties to contact the undersigned's Deputy Clerk to schedule an evidentiary hearing in this matter at which time the parties shall be invited to produce additional evidence in support of their respective arguments in favor of and in opposition to the Defendant's request for sanctions in the form of its attorneys' fees and costs.  In the meantime, the motion for costs and fees shall be stayed until such time as the hearing may be held and the Court shall be in a position to issue a decision that is based upon a fully-developed record.

   An order follows.