# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

```
GERALD CARROLL,                          :
KENNETH CROSSWHITE, ROY FOSTER,          :
CHARLES HOTTINGER, LAWRENCE              : CIVIL ACTION
SHELDRAKE, RICHARD SHELTRA,              :
KEVIN STUART, CHRISTOPHER TURNER,        :
ROBERT WELCH, WILLIAM WHETZEL and        : NO. 15-CV-0562
TERRY WILLIAMS                           :
                                         :
            Plaintiffs                   :
                                         :
        vs.                              :
                                         :
E-ONE, INCORPORATED, PIERCE              :
MANUFACTURING, INC., SEAGRAVE FIRE       :
APPARATUS, LLC, and FEDERAL SIGNAL       :
CORPORATION                              :
                                         :
            Defendants                   :
```

## MEMORANDUM AND ORDER

**JOYNER, J.**                                          **April 25, 2017**

This civil action is once again before the Court following evidentiary hearings on November 1 and December 20, 2016 relative to the Motion of Defendant Federal Signal Corporation for Costs and Fees (Doc. No. 68). For the reasons which follow, the Motion shall be granted.

### History of the Case

As we noted in our prior Memorandum and Order of September 8, 2016, this case was initiated in the Court of Common Pleas of Philadelphia County in January 2015 by a number of current and former firefighters in the District of Columbia Fire Department

to recover for noise-induced hearing loss allegedly caused by the Defendant's emergency sirens.  The case was removed to this Court in February 2015 and after denial of motions to dismiss and remand, discovery commenced in or around May, 2015. On October 21, 2015, Plaintiff Charles Hottinger voluntarily dismissed his claims against all of the defendants.  Thereafter, on or about March 2, 2016, Plaintiffs voluntarily dismissed their claims against all of the defendants except for Federal Signal Corporation.  Next, on March 28, 2016, the claims of Plaintiffs Kenneth Crosswhite and Lawrence Sheldrake were voluntarily dismissed against what was then the remaining defendant - Federal Signal.  Finally, on May 31, 2016, Plaintiffs' counsel filed a Notice of Voluntary Dismissal by all Plaintiffs as to all Parties which purported to mark the claims as "being dismissed without prejudice as to all parties in this action."

One month later, Defendant Federal Signal filed the instant Motion for Costs and Fees challenging the plaintiffs' filing of their Notice of Voluntary Dismissal without prejudice and seeking to recover the attorneys' fees and other attendant costs that it has incurred in defending this lawsuit.  Plaintiffs opposed the Defendant's request for fees and costs but were agreeable to dismissing this matter with prejudice.  In our September 6, 2016 Memorandum Opinion, we first found that the Plaintiffs acted erroneously by unilaterally filing a Notice to the Clerk of Court

2

marking their claims as being dismissed without prejudice as to all of the parties in this action in lieu of seeking a Court Order granting them permission for leave to do so.  In addition, we also found that Federal Signal had adduced sufficient evidence that Plaintiffs' counsel had failed to undertake any pre-suit investigation into the viability of the claims asserted against Defendants which caused Federal Signal to incur significant court costs and counsel fees.  We therefore stayed a decision on the Motion for Costs and Fees to allow for the taking and submission of evidence.  Inasmuch as those evidentiary hearings have now been concluded, the matter is ripe for adjudication at this time.

### Discussion

Pursuant to the previous observation in our earlier Memorandum, voluntary dismissal of an action by a plaintiff may be accomplished without a court order only before the opposing party has served an answer or summary judgment motion or where all parties who have appeared in the action stipulate to the dismissal.  Where those conditions are not met, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. ..." Fed. R. Civ. P. 41(a)(2).  Whether a dismissal should be granted under Rule 41(a)(2) therefore lies within the Court's sound discretion. <u>Citizens Savings Association v. Franciscus</u>, 120 F.R.D. 22, 24 (M.D. Pa. 1988)(citing <u>Ferguson v. Eakle</u>, 492 F.2d 26, 28 (3d

Cir. 1974); John Evans Sons, Inc. v. Majik-Ironers, Inc., 95 F.R.D. 186, 190 (E.D. Pa. 1982).

Motions to voluntarily dismiss an action should be allowed unless a defendant will suffer some prejudice other than the mere prospect of a second lawsuit. Weedon v. Wetzel, Civ. A. No. 3:CV-14-1963, 2016 U.S. Dist. LEXIS 152439 at *3 (M.D. Pa. Nov. 3, 2016); Shulley v. Mileur, 115 F.R.D. 50, 51 (M.D. Pa. 1987). Whether a dismissal will be prejudicial to the defendant depends upon the circumstances of each case. Dentsply International, Inc. v. Bio-Pure Products, Inc., Civ. A. No. 1:14-cv-0848, 2015 U.S. Dist. LEXIS 107579 at *4 (M.D. Pa. Aug. 17, 2015)(citing Total Containment, Inc. v. Aveda Mgf. Corp., Civ. A. No. 90-cv-4788, 1990 U.S. Dist. LEXIS 16637, 1990 WL 290146, *2 (E.D. Pa. Dec. 7, 1990)). "Voluntary motions to dismiss are generally found prejudicial where a plaintiff seeks to start its litigation anew in the advanced stages of a lawsuit, after discovery has closed and the parties have filed dispositive motions or prepared for trial." Republican Party of Pennsylvania v. Cortes, Civ. A. No. 16-5524, 2017 U.S. Dist. LEXIS 11351 at *2 (E.D. Pa. Jan. 27, 2017)(quoting Yazzie v. GlaxoSmithKline LLC, No. 12-1006, 2013 U.S. Dist. LEXIS 110217, 2013 WL 3993455, at *2 (E.D. Pa. Aug. 5, 2013)). In determining prejudice, it is common for courts in this Circuit to consider: (1) the excessive and duplicative expense of a second litigation; (2) the effort and expense

incurred by the defendant in preparing for trial; (3) the extent to which the current suit has progressed; and (4) the plaintiff's diligence in bringing the motion to dismiss. Id.

As a general rule, defendants are not permitted to recover fees when a plaintiff dismisses an action with prejudice absent exceptional circumstances. Grand Union Supermarkets v. H.E. Lockhart Management, Inc., Civ. A. No. 01-44, 2013 U.S. Dist. LEXIS 5039 (D.V.I. Jan. 10, 2013)(citing *inter alia*, EEOC v. Hesco Parts Corp., 57 Fed. Appx. 518, 523 (3d Cir. 2003); Nolen v. Henderson Nat'l Corp., No. 91-6299, 1993 U.S. App. LEXIS 18955 AT *10, 986 F.2D 1428 (10th Cir. Feb. 5, 1993); Colombrito v. Kelly, 764 F.2d 122, 133-134 (2d Cir. 1985)). Exceptional circumstances include an abuse of the judicial process or bad faith conduct. Maxim Crane Works, LP v. Smith Transformation Services, Inc., Civ. A. No. 15-597, 2016 U.S. Dist. LEXIS 95598 at *9 (W.D. Pa. July 22, 2016). "Bad faith may be found, not only in the actions that led to the lawsuit, but also in the conduct of the litigation." Roadway Express, Inc. v. Piper, 447 U.S. 752, 766, 100 S. Ct. 2455, 2464, 65 L. Ed.2d 488 (1980). Another example of an exceptional circumstance is "when a litigant makes a repeated practice of bringing claims and then dismissing them with prejudice after inflicting substantial litigation costs on the opposing party and the judicial system." Steinert v. Winn Group, Inc., 440 F.3d 1214, 1222 (10th Cir.

5

2006)(quoting <u>Aero-Tech, Inc. v. Estes</u>, 110 F.3d 1523, 1527 (10th Cir. 1997)).  Thus, there is no question that Rule 41 authorizes a court to award costs and attorneys' fees as a condition of voluntary dismissal and numerous courts have done so where a voluntary dismissal has been granted.  <u>FTC v. Endo Pharmaceuticals, Inc.</u>, Civ. A. No. 16-1440, 2016 U.S. Dist. LEXIS 145329 at *20 (E.D. Pa. Oct. 29, 2016).  That an award of such costs and attorneys' fees may be assessed against counsel who willfully abuse judicial processes as well as against a party who has litigated in bad faith is equally well-established.  <u>Roadway</u>, <u>supra</u>.

In application of these general principles to the matter at hand, we re-iterate that it was only after Defendant challenged Plaintiffs' filing of the voluntary discontinuance without prejudice and without leave of court that Plaintiffs agreed that this case could be dismissed with prejudice.  Consequently, given that the original Notice of Voluntary Dismissal sought to "mark the claims of all Plaintiffs as being dismissed without prejudice as to all parties in this action," we cannot find that this is truly a matter where the dismissal was wholly voluntarily made with prejudice.  This action had progressed to the conclusion of discovery but before dispositive motions had been prepared and filed, with the result that the defendant had incurred fairly significant expenses.  While we cannot find that the plaintiffs

6

were particularly diligent in filing the dismissal notice, we also cannot find that they were especially dilatory either.

However, as the record from the evidentiary hearings now clearly evinces, Plaintiffs' counsel undertook virtually no pre-suit investigation into the potential validity of the plaintiffs' claims. Indeed, it appears that this suit has its origins in free hearing tests offered by Plaintiffs' counsel's law firm to all firefighters employed by the District of Columbia Fire Department which were conducted by audiologists hired by the law firm on November 28, 2011 at the Plaintiffs' Local 36 Union Hall in Washington, D.C. As the Plaintiffs testified in their depositions, they learned of the offered hearing tests when they saw notices posted by the law firm in their firehouses and at the union hall. They were never told anything about the results of these tests until several years later when they received correspondence from Plaintiffs' counsel's law firm informing them that they were being named as plaintiffs in this lawsuit. There is no evidence that any of the plaintiffs were ever interviewed by any representative of the law firm or that there was any contact whatsoever between the individual plaintiffs and anyone from the law firm until after suit was filed and discovery had commenced. In fact, it appears from their depositions that the first time most, if not all of the plaintiffs, met with or spoke to an attorney from the law firm was when they were deposed.

The history of this case essentially mirrors that of many other cases instituted by Plaintiffs' counsel against Federal Signal and several of the other original defendants in this action. As defense counsel testified at the evidentiary hearing on November 1, 2016, since sometime in 2011 when current Plaintiffs' counsel became lead counsel, there have been some 1300 cases filed in approximately 23 separate jurisdictions asserting claims for high frequency hearing loss which was allegedly caused by exposure to defectively designed fire sirens. In taking more than 100 plaintiff depositions across the country, defense counsel learned that the plaintiffs receive a notice at their fire departments either on a bulletin board or receive a letter through some web-based repository of their unions informing them that free hearing screening is being offered at the union hall. In many instances, those letters and notices have been prepared by Plaintiffs' counsel's law firm.

Then when the firefighters who decide to accept the free hearing test offer go to the union hall, they go into a room, sometimes two firefighters at a time, where an audiologist puts headphones on them, plays pure tones and they are either directed to raise their hands or push a button when they hear the sounds. Through that testing, an audiometric result is generated. The firefighters are not told the results of their tests and often do not learn the results of their tests until months or sometimes

8

years later, after they have become part of a lawsuit.  The firefighters are not referred to a doctor or advised to wear hearing protection.

Typically, a complaint involving 20-50 plaintiffs per case is then filed within two or three years often almost to the day of the hearing screen.  Often, the firefighters do not learn that they are plaintiffs in an action until after suit is filed and they receive something in the mail from Plaintiffs' counsel's law firm.  In one case, a Pittsburgh firefighter discovered he had been named as a plaintiff when he heard a television news story about the lawsuit.  Frequently the first contact a firefighter plaintiff has with someone from Plaintiffs' counsel's law firm occurs at or around the time of their deposition.  Although a number of these cases have gone to trial with some resulting in verdicts for the plaintiffs and some resulting in defense verdicts, there have been other instances in which Federal Signal's attorneys have completed discovery in a matter and sometimes even taken a case to trial when Plaintiffs' counsel dismisses the case.

The record also reflects that this case is somewhat unique in that the District of Columbia Fire Department has, since the 1990's, conducted routine annual audiological screenings of all of its firefighters as part of their required annual physical examinations.  As a result, nearly all of the plaintiffs in this

9

suit[1] had been advised many years earlier that they had hearing loss that was very probably caused by the loud noises to which they were exposed on the job and that they should be wearing hearing protection. Consequently, Plaintiffs' claims were obviously time-barred when they were filed in or around January, 2015. And, in the case of Plaintiff Christopher Turner, although his November 28, 2011 audiogram demonstrated hearing loss, it was not the type of hearing loss associated with noise exposure. Of course, had Plaintiffs' counsel spoken with the individual plaintiffs or conducted any other type of investigation prior to commencing this litigation, they would have learned these facts. In view of this evidence, which is undisputed and wholly uncontradicted by the plaintiffs, we believe an award of attorneys' fees and costs is properly ordered against Plaintiffs' counsel here.

In determining what an appropriate award might be, we are guided by the very recent decision of the United States Supreme Court in Goodyear Tire & Rubber Co. v. Haeger, No. 15-1406, 2017 U.S. LEXIS 2613 (April 18, 2017). In that case, the Court had occasion to consider a federal court's inherent authority to sanction a litigant for bad-faith conduct by ordering it to pay the other side's legal fees. Noting that a district court has

---

[1] One of the plaintiffs, Christopher Turner, in fact did not have hearing loss that was attributable to noise exposure at all.

broad discretion to calculate fee awards, such orders are nevertheless limited to the fees which the innocent party incurred solely because of its opponent's misconduct - or, put another way, to the fees that the innocent party would not have incurred but for the bad faith. Id, at *6. In this manner then, such sanctions awards, when imposed pursuant to civil procedures, must be compensatory rather than punitive in nature. Id, at *12. *Accord*, John Evans Sons, 95 F.R.D. at 191.

Following removal of this matter to this Court and adjudication of the parties' various motions to dismiss and for remand, Defendant Federal Signal commenced discovery by, *inter alia,* issuing numerous third-party subpoenas to Plaintiffs' medical providers, employers and former employers, union, and insurance carriers, searching for and reviewing and scanning multiple boxes of documents, and deposing plaintiffs and DC Fire Department personnel. It was in the course of undertaking this discovery that the parties learned that the DC Fire Department had been administering hearing tests to all of its firefighters annually since 1992, that the firefighters would be advised of the results of these tests immediately thereafter as part of their annual physical examinations and if necessary, referred to ENT doctors for further follow-up on any abnormal tests. At the time that Plaintiffs filed their Notice of Voluntary Dismissal, fact discovery had concluded and Defendant was getting ready to

11

begin preparing its dispositive motions.  As of that time, Federal Signal had incurred some $216,000 in attorneys' fees and cash expenditures in its defense of this action.  Since June 2016 and through the conclusion of the evidentiary hearings in this matter, Defendant has incurred an additional $70,000 in counsel fees with the result that it is asking this Court to now award it a total of $311,439.95 in attorneys' fees and costs.

Typically, "[c]ourts assess the reasonableness of a claimed fee using the 'lodestar' formula, which entails multiplying the number of hours reasonably expended by the appropriate hourly rate." Ross v. Infinity Insurance Co., Civ. A. No. 12-5050, 2013 U.S. Dist. LEXIS 81480 at *17 (E.D. Pa. June 10, 2013)(citing Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 76 L. Ed. 2d 40 (1983) and Maldonado v. Houstoun, 256 F.3d 181, 184 (3d Cir. 2001)).  Here, however, there are multiple redactions on the bills submitted by defense counsel, ostensibly to protect sensitive attorney-client information, but the presence of which renders it difficult, if not impossible, for this Court to accurately assess the legitimacy of the charges.  Defense counsel has offered to accept as an alternative its fees and costs reflected on its unredacted billing entries, which totals $255,646.95.  While we would agree that the billing entries on these unredacted submissions appears to be reasonable in terms of the amount of time expended by the three attorneys and one

12

paralegal who performed work on this case and the hourly rates charged for that work, we are also mindful that although Plaintiffs' agreement to dismiss this action with prejudice was not *wholly* voluntary, they nevertheless *did* eventually so agree. In a voluntary dismissal without prejudice, the purpose of an award of costs and attorneys fees is to compensate the defendant for having incurred the expenses of litigation without the benefit of a final determination. Dentsply, 2015 U.S. Dist. LEXIS at *8 (citing John Evans, 95 F.R.D. at 191). However, this consideration is not present where dismissal is with prejudice, because termination of the litigation gives the defendant the benefit of a final determination on the controversy without the additional expense it would have incurred by proceeding to a trial on the merits. Id.

As the facts recited above demonstrate, this case is unusual and it therefore calls for an unusual solution. Under Rule 41(a)(2), we may enter an order of dismissal on "terms that the court considers proper." In light of the discretion afforded and after "weighing the equities" in this matter, we find that an award of counsel fees and costs in an amount equaling one-half of that requested by the moving defendant constitutes proper terms under Rule 41(a)(2). Accordingly, we shall direct that Plaintiffs' counsel pay the sum of $127,823.47 to Defendant Federal Signal and that this action shall be dismissed with

prejudice.

    An order follows.